25-2403-cv
*Hussein v. Occupant of the Office of CEO and CFO of Bank of Am.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-six.

PRESENT:
>           BARRINGTON D. PARKER,
>           SARAH A. L. MERRIAM,
>                *Circuit Judges.*[1]

———————————————————————————

**Mothana Maher Hussein,**

>           *Plaintiff-Appellant,*

>           v.                                                        **25-2403**

———————————————————————————

[1] Judge Raymond J. Lohier, Jr., who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

**Occupant of the Office of CEO and CFO of Bank of America, National Association,**

*Defendant-Appellee.*[2]

_____

FOR PLAINTIFF-APPELLANT: MOTHANA MAHER HUSSEIN, pro se, Staten Island, NY.

FOR DEFENDANT-APPELLEE: Natasha A. Burkett, Winston & Strawn LLP, Chicago, IL.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Mothana Maher Hussein, proceeding *pro se*, appeals from the September 30, 2025, judgment of the District Court dismissing his action against defendant "Occupant of the Office of CEO & CFO of Bank of America, National

---

[2] The Clerk of Court is respectfully directed to amend the caption as reflected above.

Association," Suppl. App'x at 5, which we refer to herein as the "Bank." Hussein also appeals the District Court's denial of his request for leave to file a second amended complaint.

In the operative Amended Complaint, Hussein asserted various claims against the Bank in connection with an alleged assignment agreement in which Hussein "assigned all rights, titles, and interest in the payment of $2,047,257.41 from [a] Principal Trust Account" to the Bank, and a "Bill of Exchange" issued by Hussein, naming the Bank as "Account Trustee," for that same amount. Suppl. App'x at 6. Hussein alleged that the Bank violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

The Bank moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint. Hussein moved for leave to file a second amended complaint, newly alleging that the Bank failed to properly respond to his efforts to obtain a mortgage in violation of the ECOA and the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.* The District Court granted the Bank's motion to dismiss, dismissed Hussein's amended complaint

3

for failure to state a claim, and denied leave to amend as futile.  *See Hussein v. Occupant of Office of CEO & CFO of Bank of Am., Nat'l Assoc.*, No. 1:24CV04477(RPK), 2025 WL 2783108 (E.D.N.Y. Sep. 30, 2025).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.[3]

## I. Standards of Review

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citation modified).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation

---

[3] We deny Hussein's motions for judicial notice.  Even assuming that the documents he submits would be properly subject to judicial notice, they would not change the outcome of this appeal.

4

modified). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

"We generally review a district court's denial of leave to amend for abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires." *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015) (citation modified). But we review "denial of leave to amend *de novo* where the denial was based on an interpretation of law, such as futility." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (citation modified). "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* (citation modified).

Finally, because Hussein "has been [proceeding] *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

## II. Discussion

### A. The District Court properly dismissed Hussein's operative Amended Complaint for failure to state a claim.

First, on appeal, Hussein does not challenge the District Court's conclusion

5

that he failed to state a claim for conversion, unjust enrichment, unlawful withholding of funds, breach of fiduciary duty, or violation of the Fair Debt Collection Practices Act. Rule 28(a) of the Federal Rules of Appellate Procedure "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (citation modified); *see also* Fed. R. App. P. 28(a). Because Hussein fails to make any argument regarding these claims, he has abandoned them on appeal. *See Green*, 16 F.4th at 1074.

Second, we agree with the District Court that Hussein's operative Amended Complaint failed to state a claim for violation of the ECOA on the basis of unlawful discrimination. The "ECOA provides that it is 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction[,] . . . on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014) (quoting 15 U.S.C. §1691(a)) (alterations in original). The statute also prohibits discrimination when "the applicant has in good faith exercised any right under this chapter." 15 U.S.C. §1691(a)(3). Hussein alleged

6

that the Bank denied him access to his account and refused to process a bill of exchange. But he did not allege membership in a protected class or that he had exercised any rights protected under the statute. Hussein therefore failed to state an ECOA claim.

**B. The District Court properly denied Hussein's request for leave to file his proposed second amended complaint because amendment would be futile.**

Even liberally construing Hussein's proposed second amended complaint, it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Specifically, Hussein's newly asserted allegations relating to his ECOA claim fail to render that claim plausible because, as with the Amended Complaint, Hussein does not allege that he was a member of a protected class under the ECOA. *See Crawford*, 758 F.3d at 489-90; *see also Dae Hyuk Kwon v. Santander Consumer USA*, 742 F. App'x 537, 540 (2d Cir. 2018) (summary order).

Nor does Hussein's proposed second amended complaint plausibly state a claim under the TILA, 15 U.S.C. §1601, *et seq.* The TILA "affords consumers a cause of action for damages – including statutory damages – against a creditor who fails to comply with certain enumerated statutory provisions." *Strubel v.*

7

*Comenity Bank*, 842 F.3d 181, 186 (2d Cir. 2016); *see also* 15 U.S.C. §1640(a). As relevant here, the applicable regulations require a creditor, within three business days of receiving a consumer's application for a mortgage loan, to provide the consumer with certain disclosures related to the loan estimate. *See* 12 C.F.R. §1026.19(e)(1)(iii)(A); *see also id.* §1026.37. Hussein's allegations that the Bank violated this provision are not plausible, because the proposed second amended complaint indicates that Hussein had not submitted a formal application for a mortgage loan, and thus the disclosures were not required.

We have considered Hussein's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8